OPINION
{¶ 1} The defendant-appellant, Christopher Kalb ("Kalb"), appeals from the judgment of the Hardin County Common Pleas Court sentencing him to two consecutive two year terms in prison; an aggregate sentence of four years.
 {¶ 2} On July 16, 2004, the Hardin County Grand Jury indicted Kalb on the following charges: two counts of sexual battery, violations of R.C.2907.03(A)(5), felonies of the third degree; sexual imposition, a violation of R.C. 2907.06(A)(4), a misdemeanor of the third degree; gross sexual imposition, a violation of R.C. 2907.05(A)(4), a felony of the third degree; and possession of criminal tools, a violation of R.C.2923.24(A), a felony of the fifth degree. The indictment resulted from incidents that occurred between January 2001 and January 2004. At the time of the offenses, Kalb was married to Rhonda Kalb ("Rhonda") and lived with her and her children from previous relationships: B.M, C.M., and A.C. Kalb formed a close relationship with his step-daughter, B.M., who eventually confided to Kalb that she had formed close relationships with Rhonda's previous boyfriends and had been sexually assaulted by at least one of them. When B.M. was between the ages of fifteen and sixteen years old, Kalb began to fondle and digitally penetrate her.
 {¶ 3} At a change of plea hearing held on February 22, 2005, Kalb entered guilty pleas on two counts of sexual battery as charged in the indictment, and the State of Ohio ("State") dismissed the remaining charges. A sentencing hearing was held on April 11, 2005, and the trial court sentenced Kalb to a two year sentence on each charge for an aggregate sentence of four years in prison. Kalb appeals the trial court's sentence and asserts the following assignments of error:
The court erred in sentencing Mr. Kalb [to] more than the shortestprison term.
 The sentencing court erred in increasing the penalty against thedefendant due to the defendant's position which facilitated the offense.
 The sentencing court erred in making the prison terms consecutive toeach other as the judge failed to support his findings with reasons asrequired by R.C. 2929.19(b)(2)(d)(e).
 {¶ 4} In his first assignment of error, Kalb argues that the trial court failed to make the findings required by R.C. 2929.14(B) when it imposed a sentence greater than the shortest prison term. R.C. 2929.14(B) states in pertinent part:
if the court imposing a sentence upon an offender for a felony electsor is required to impose a prison term on the offender, the court shallimpose the shortest prison term authorized for the offense pursuant todivision (A) of this section, unless one or more of the followingapplies:
 (1) The offender was serving a prison term at the time of the offense,or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prison term willdemean the seriousness of the offender's conduct or will not adequatelyprotect the public from future crime by the offender or others.
 {¶ 5} A violation of R.C. 2907.03(A)(5) is a third degree felony, which carries a sentence of either one, two, three, four, or five years in prison. R.C. 2907.03(B); 2929.14(A)(3). In this case, the trial court was required to sentence Kalb to a one year prison sentence on each count unless it made the findings required by R.C. 2929.14(B). Because Kalb was not serving a prison term at the time of the offense and because he has never previously served a prison term, R.C. 2929.14(B)(1) is inapplicable. Applying R.C. 2929.14(B)(2), our review of the record indicates that the trial court failed to make the appropriate findings. At the sentencing hearing, the trial court stated in pertinent part:
because the harm to the victim was so bad and you used your position oftrust as a step-father and took advantage of this victim who confided inyou because of her victimization is the reason that the Court finds thatthis matter was a very serious offense. It is the most harmful to thisparticular young lady, it is something that she probably never willrecover from. . . . The Court does find that this is the worst form ofthe offense in this particular case because of the position of trust, andtherefore in order to punish you, the Court feels that its two yearsentence is justified in this particular case.
Hearing Tr., Jun. 7, 2005, 16-17. The trial court's finding that Kalb committed the worst form of the offense is required only upon sentencing an offender to the maximum sentence. See R.C. 2929.14(C). Likewise, the trial court's finding that a two year sentence was necessary to punish Kalb is consistent with the principles and purposes of felony sentencing. See R.C. 2929.11(A). However, neither of the trial court's findings comply with the requirements of R.C. 2929.14(B)(2). Accordingly, the first assignment of error is sustained. Having sustained the first assignment of error, the second assignment of error is moot.
 {¶ 6} In his third assignment of error, Kalb contends that the trial court made its findings on the record, but failed to support its findings with reasons. R.C. 2929.14(E)(4) states in relevant part:
[i]f multiple prison terms are imposed on an offender for convictionsof multiple offenses, the court may require the offender to serve theprison terms consecutively if the court finds that the consecutive serviceis necessary to protect the public from future crime or to punish theoffender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing, was under a sanctionimposed pursuant to section 2929.16, 2929.17, or 2929.18 of the RevisedCode, or was under post-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of oneor more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
 {¶ 7} The requirements of R.C. 2929.14(E)(4) are threefold. First, the trial court must find that a consecutive sentence is necessary to protect the public from future harm or to punish the offender. Second, the trial court must find that a consecutive sentence is not disproportionate to the seriousness of the conduct and the danger posed to the public. Third, the trial court must find at least one of the three findings in R.C. 2929.14(E)(4)(a)-(c). The trial court is required to make these findings and state its reasons therefore on the record at the sentencing hearing. State v. Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165,793 N.E.2d 473, at ¶¶ 20-21.
 {¶ 8} Our review of the record indicates that the trial court complied with R.C. 2929.14(E)(4). The court stated in pertinent part:
[t]he Court [finds] in this particular case it is necessary to punishyou Mr. Kalb. Second finding is that the proposed sentences are notdisproportionate. Both as to the seriousness of the conduct which theCourt has already found is quite serious, and while the Court does notbelieve that you pose a danger immediately to the public, certainly thepublic has to be protected from you because the old adage that you havetasted the poisonous fruit Mr. Kalb. . . . You are a young man, you'llmarry again. We don't know what the future holds for you Mr. Kalb, or foranyone else. Or that the use of consecutive sentences to denote theseriousness or unusual harm caused, and that is what I keep coming backto Mr. Kalb. This isn't an ordinary case of sexual battery where you finda victim who is a victim for the first time and little or no harm isdone. Again, you took a victim who had been victimized, and you made hera victim again. . . . Harm so great that no single prison term canadequately reflect the seriousness of the offender's conduct. I trulybelieve that, Mr. Kalb, in your case.
 {¶ 9} Hearing Tr., 17-18. The trial court specifically found that consecutive sentences are necessary to punish the offender, they are necessary to protect the public because he committed the crimes once and may do so again, and that no single prison term could adequately reflect the seriousness of the conduct. The trial court referenced Kalb's position of trust, the injury he caused B.M., and Kalb's knowledge of the other sexual assaults on B.M. We find that the trial court properly supported its findings as to consecutive sentences. The third assignment of error is overruled.
 {¶ 10} The sentence of the Hardin County Common Pleas Court is reversed in part and affirmed in part. This cause is remanded for further proceedings.
Judgment affirmed in part and reversed in part and cause remanded.
CUP, P.J., concurs.
ROGERS, J., concurs separetely.