{¶ 15} I concur with the majority opinion on the first assignment of error; however, I must respectfully dissent on the second assignment of error.
 {¶ 16} The Ohio Supreme Court in State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, stated that:
A court may not impose consecutive sentences for multiple offensesunless it "finds" three statutory factors. R.C. 2929.14(E)(4). First, thecourt must find that consecutive sentences are necessary to protect thepublic from future crime or to punish the offender. Id. Second, the courtmust find that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public. Id. Third, the court must find the existence of oneof the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c).
 A trial court must also comply with R.C. 2929.19(B) when imposingconsecutive sentences. R.C. 2929.19 is the statute governing thesentencing hearing. R.C. 2929.19(B)(2) provides that the sentencing court"shall impose a sentence and shall make a finding that gives its reasonsfor selecting the sentence imposed in any of the followingcircumstances: * * *
 (c) If it imposes consecutive sentences under [R.C.] 2929.14 * * *.
Id. at 466-467 (emphasis in original).
 {¶ 17} As noted by the majority, R.C. 2929.14(E)(4) provides: Ifmultiple prison terms are imposed on an offender for convictions ofmultiple offenses, the court may require the offender to serve the prisonterms consecutively if the court finds that the consecutive service isnecessary to protect the public from future crime or to punish theoffender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public * * *.
(emphasis added.)
 {¶ 18} Here, Appellant has argued that the trial court failed to make appropriate findings, and/or to support those findings, on the record, with reasons as required by statute. Appellant specifically argues that while the trial court did find that the sentences imposed were not disproportionate to the seriousness of the defendant's conduct, the trial court failed to find that the sentences were not also disproportionate tothe danger that Appellant poses to the public.
 {¶ 19} As noted above, the Supreme Court, in Comer, clearly defined the second necessary finding to support consecutive sentences as follows: "the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." 99 Ohio St.3d at 466 (emphasis in original). The sentences in both R.C. 2929.14(E)(4) and Comer are clearly written in the conjunctive. Thus, I would submit that merely finding the sentence is not disproportionate to the seriousness of the offender's conduct is insufficient. Under the Comer Court's interpretation of what is necessary under R.C. 2929.14(E)(4), the court must also find that the sentence is not disproportionate to the dangerthat Appellant poses to the public. Accordingly, the trial court has not made a complete finding in this instance.
 {¶ 20} Because the trial court has failed to make a necessary finding under R.C. 2929.14(E)(4), I believe that case must be remanded for resentencing. This result is demonstrative of the problems anticipated by Judge Grady's dissent in Comer, and reiterated in my concurring opinion in State v. Kalb, 3d Dist. No. 6-05-05, 2005-Ohio-5889, ¶¶ 11-16.